[Civ. No. 10575.   Third Dist.   Oct. 19, 1962.]

REGIE NATIONALE DES USINES RENAULT, BILLAN-COURT (SEINE), FRANCE, Petitioner, v. THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent; WILLIAM C. FORD, Real Party in Interest.

Bronson, Bronson & McKinnon and Ernest M. Thayer for Petitioner.

McCarty & Crow and Richard E. Crow for Respondent and Real Party in Interest.

THE COURT.—By mandate, petitioner seeks an order of this court compelling the Superior Court in and for the County of Sacramento to set aside and vacate its order denying petitioner's motion to quash service of summons and complaint

on petitioner. This court issued its order to show cause and the matter was set for oral argument.

After full consideration of the petition, the points and authorities, and the arguments of respective counsel, we are satisfied that the memorandum opinion filed by the Honorable Leonard M. Friedman denying a like motion correctly states the law and we therefore adopt the same as the opinion of this court.

█ ''The court has concluded that defendant Regie Nationale des Usines Renault, Billancourt (Seine), France (hereinafter referred to elliptically as 'Regie') has had adequate contacts with California and California residents so that the maintenance of the suit against it does not offend our notions of fair play and substantial justice (*International Shoe Co.* v. *Washington*, 326 U.S. 310 [66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057]). It is, in other words, 'doing business' in California and is amenable to substituted service of process on the Secretary of State in the manner provided by Section 6501-6502 of the Corporations Code.

''Defendant Regie is a business entity owned by the French government. As an automobile manufacturer, it inaugurates a flow of its products to the California market. It sells its products to defendant Renault, Inc., a wholly-owned subsidiary incorporated in the State of New York. Renault, in turn, sells to various American distributors, who in turn sell to retail dealers. There is a chain of sales leading from defendant Regie to California consumers. The product is such that negligence in manufacture and inspection might well cause injury to California citizens, as is alleged by the plaintiff and by the cross-complainant here.

''Regie might choose to arrange its marketing process through a hierarchy of its own agents and employees. Then, by establishing agents in California to sell its products, it would undoubtedly be amenable to suit in this state. For reasons of its own it chooses to market its products through a wholly-owned American subsidiary and a network of independently-owned distributorships and dealerships. These choices on its part effect little, if any, alteration in the jurisdictional situation. The 'contacts' exist one way or the other and for precisely the same purposes. The differences are differences only in form and description.

''Apparently, where the tort occurs within the state, extensive sales and promotional contacts with California consumers

through nonexclusive, independent sales representatives may constitute 'doing business' (*Cosper* v. *Smith & Wesson Arms Co.*, 53 Cal.2d 77 [346 P.2d 409]). Here there are additional circumstances which, in composite, impel subjection to jurisdiction. These are: (a) the interest of this State in providing a forum for its residents; (b) the relative availability of evidence; (c) the relative burden of defense and prosecution in California rather than at some other place; (d) the ease of access to some alternative forum; (e) the extent to which the cause of action arises out of Regie's local activities. *Fisher Governor Co.* v. *Superior Court*, 53 Cal.2d 222, 225-226 [1 Cal. Rptr. 1, 347 P.2d 1].

"As regards 'fair play' it is obvious that if California rejects jurisdiction, Regie may successfully bar plaintiff and cross-complainant from access to the courts of all states of the union, including New York. *Cannon Manufacturing Co.* v. *Cudahy Packing Co.*, 267 U.S. 333 [45 S.Ct. 250, 69 L.Ed. 634]; see also *Fisher Governor Co.* v. *Superior Court, supra.* Regie's argument would, in effect, confine the claimants to the courts of the Republic of France. Fairness to Regie does not entail this disadvantage to the claimants.

"Renault, Inc., whether regarded as an individual corporate entity or as *alter ego* of Regie, is simply a medium through which the latter establishes its business contacts with the California public. As to the mechanics of process serving, Regie has received process via the California Secretary of State without reference to the 'presence' of Renault as its purported agent in California. Thus there is no point in deciding whether to respect the separate status of Renault or to regard it as merely the *alter ego* of Regie."

The order to show cause is discharged and the petition is denied.

Petitioner's application for a hearing by the Supreme Court was denied December 12, 1962.