No. 25228.

BENNIE M. CZARNICK AND LOUISE CZARNICK *v.* DISTRICT
COURT IN AND FOR THE COUNTY OF ADAMS AND STATE OF
COLORADO AND THE HONORABLE OYER G. LEARY,
ONE OF THE JUDGES THEREOF.
(488 P.2d 562)

Decided September 13, 1971.

BERMAN, LILLY, FRIEDRICHS & YOUNG, J. BAYARD YOUNG,
for petitioners.

EDWARD B. TOWEY, LEE BELSTOCK, for respondents.

*En Banc.*

Mr. Justice Erickson delivered the opinion of the Court.

This is an original proceeding which was brought to require the District Court of Adams County to accept jurisdiction of a personal injury action. The petitioners initiated this action under the Colorado Long Arm Statute by the service of a third-party summons and the filing of a third-party complaint against Concrete Machinery Company, Inc., a North Carolina corporation. The complaint alleged that the company negligently and carelessly designed and gave instructions for the manufacture and assembly of an ornamental concrete bird bath consisting of a pedestal, a large dish, a cupid, and a small dish. One such bird bath was manufactured and assembled in Colorado and later sold to the petitioners. It was averred that the collapse of this bird bath was the proximate cause of injuries sustained in Colorado by the plaintiff, Thomas Joseph Nadeau.

A motion to quash service of process was granted, and pursuant to the petition brought by the Czarnicks, under C.A.R. 21, the respondents were directed to show cause why the order quashing the service on Concrete Machinery Company, Inc., which was made in the State of North Carolina, should not be vacated. Briefs in support of the respondents' order quashing this service and in support of the petition have now been filed.

The sole issue involved is whether 1965 Perm. Supp., C.R.S. 1963, 37-1-26 (1) (a) (c), subjects Concrete Machinery Company, Inc. to the jurisdiction of the courts of this state. The statute provides as follows:

"Jurisdiction of courts. — (1) (a) Engaging in any act enumerated in this section by any person, whether or not a resident of the state of Colorado, either in person or by an agent, submits such person, and, if a natural person his personal representative, to the jurisdiction

of the courts of this state, concerning any cause of action arising from:

". . . .

"(c) The commission of a tortious act within this state; . . . ."

We believe our decision in *Vandermee v. The District Court,* 164 Colo. 117, 433 P.2d 335 (1967), dictates an affirmative answer. There, as here, the district court interpreted the statute so as to require that:

"[N]ot only must the injury complained of have occurred in the State of Colorado but the alleged negligence or negligent acts must also have occurred within this state." In holding to the contrary, this Court cited the following language from *Gray v. American Radiator & Standard Sanitary Corp.,* 22 Ill.2d 432 176 N.E.2d 761 (1961), with approval:

"As a general proposition, if a corporation elects to sell its products for ultimate use in another State, it is not unjust to hold it answerable there for any damage caused by defects in those products."

Based on this Court's adoption of the holding in the *Gray* case, we conclude that the trial court erred in finding that there were insufficient contacts in the State of Colorado for our courts to obtain jurisdiction over the non-resident corporation, Concrete Machinery Company, Inc.

We, therefore, hold that the trial court's ruling on the motion to quash service of process should be vacated; that the motion to quash should be denied; and that Concrete Machinery Company, Inc. should be allowed a reasonable time within which to further plead to the petitioners' complaint.

Accordingly, the rule to show cause is made absolute.

MR. JUSTICE GROVES not participating.