## No. 25344

Granite States Volkswagen, Inc., a New Hampshire Corporation v. The District Court of the City and County of Denver in the Second Judicial District and The Honorable Saul Pinchick, Judge thereof

(492 P.2d 624)

Decided January 10, 1972.

White and Steele, John E. Clough, for petitioner.

Walberg and Pryor, Irving G. Johnson, for plaintiff below, and by authority, for respondents.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

An original proceeding was instituted in this Court by Granite States Volkswagen, Inc., a non-resident corporate defendant, to prevent the trial of a products liability case in Colorado. The facts which were presented to us for consideration indicate that a Volkswagen was purchased in New Hampshire by a person who is now a Colorado resident. After the Volkswagen was acquired in New Hampshire, the plaintiff drove the car to Colorado, established residency in Colorado, and suffered damage and injury which caused the plaintiff to file a products liability case against both the manufacturer and retailer of the Volkswagen. Granite States Volkswagen, Inc. is the retailer. For brevity, we will refer to Granite States Volkswagen, Inc. in this opinion as "Granite States."

Granite States was served with process in the State of New Hampshire and promptly moved to quash service of process because it had no contacts, representative agents, or property in the State of Colorado. When the trial court found that Colorado had jurisdiction over Granite States, this Court was asked to issue a writ of prohibition. We directed that the district court show cause why the writ of prohibition should not be granted. The plaintiff, in response to our order to show cause, filed a brief, which was answered by the defendant Granite States. No transcript of the proceedings in the trial court was filed in this Court, and the pleadings can only be gleaned in part from the briefs which the parties have presented to us for determination of the jurisdictional issue.

From the limited record, we have concluded that Granite States was a Volkswagen dealer engaged in the sale and service of Volkswagens in the State of New Hampshire and that the plaintiff purchased a Volkswagen from the defendant in the State of New Hampshire. The plaintiff brought suit against the defendant on the ground that Granite States knew, or should have known, that the Volkswagen which it

sold to the plaintiff was defectively designed, constructed, or assembled. The defects complained of were alleged to have been the proximate cause of personal injuries and property damage that the plaintiff suffered when the automobile caught fire and was destroyed. Jurisdiction was premised on the grounds that the personal injuries and property damage were sustained in Colorado and upon the allegation that Granite States consummated the sale knowing the vehicle was thereafter to be used in Colorado. The trial court denied Granite States' motion to quash service of process on the grounds that the car would be used in other states and, because of its mobility, the defendant should be subjected to service of process where the injuries were sustained.

Resolution of the jurisdictional issue requires us to again interpret the Colorado Long Arm Statute. 1965 Perm. Supp., C.R.S. 1963, 37-1-26(1)(a)(c). Our Long Arm Statute grants Colorado courts jurisdiction over persons who commit tortious acts within this state. This statute has been previously construed by this Court in *Czarnick v. District Court,* 175 Colo. 482, 488 P.2d 562 (1971), and *Vandermee v. District Court,* 164 Colo. 117, 433 P.2d 335 (1967). In both cases, this Court held that "if a corporation elects to sell its product for ultimate use in another state, it is not unjust to hold it answerable there for any damage caused by defects in those products."

In each of the aforementioned cases, the defendant-manufacturer availed itself of the channels of interstate commerce, and its product was distributed for ultimate use in numerous states. Consequently, we concluded that it was proper, consistent with due process, to hold it answerable in such states for damages caused by defects in those products. Accordingly, the defendant-manufacturer in this case has already subjected itself to the jurisdiction of Colorado courts.

Granite States does not come within that class of defendants that can be held to answer in Colorado courts under the terms of our Long Arm Statute. Granite States is strictly in the business of selling and servicing Volkswagens in the State of New Hampshire. It has no authority to sell, and

does not sell, ship, or otherwise deal in Volkswagens beyond the New Hampshire borders. As a consequence, we deem it inconsistent with the requirements of due process to subject it to the jurisdiction of other states in which the automobile, because of its mobility, might eventually be used.

The United States Supreme Court has held that it is essential in each case "that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State. . . ." *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). This test has been generalized to mean that the defendant must have taken voluntary action calculated to have an effect in the forum state. Currie, *The Growth of the Long Arm,* 1963 U.Ill.L.F. 515, 549; *see Rosenblatt v. American Cyanamid Co.,* 86 S.Ct. 1, 15 L.Ed.2d 39 (1965). It is the contention of the plaintiff that Granite States' sale of an automobile to a New Hampshire resident who represented that she intended to use the car in another state was such a purposeful and voluntary act. We do not believe that the plaintiff's notice of intended use to a New Hampshire retailer changes the local character of that retailer's business. It has not been shown that Granite States purposely solicited interstate business or that it availed itself of the channels of interstate commerce in the sale of Volkswagen automobiles.

Rule to show cause is made absolute.