[No. 42114. En Banc. June 8, 1972.]

FRANK B. OMSTEAD, *Respondent*, v. BRADER HEATERS, INC., *et al.*, *Respondents*, KUBOTA IRON AND MACHINERY WORKS, LTD., *Petitioner*.

*William M. Tugman* (of *Sherwood, Tugman, Gose & Reser*), *Gerson F. Goldsmith* (of *Goldsmith, Siegel & Engel*), and *Noel Cornman* (of *Springer, Cornman & King*), for petitioner.

*J. S. Applegate* and *William F. Almon* (of *Halverson, Applegate, McDonald, Bond, Grahn & Wiehl*), *John G. Schultz* (of *Leavy, Taber & Schultz*), *Melville Monheimer, Jr.* (of *Monheimer, Schermer, Van Fredenberg & Smith*),

and *R. F. Monhan* (of *Minnick, Hahner & Hubbard*), for respondents.

PER CURIAM.—This is a case involving five consolidated causes of action which arose when damages totaling approximately $374,749.62, were alleged to have been sustained by the plaintiff orchardists due to the failure of their new orchard heating systems, which were purchased from the defendant (respondent), Brader Heaters, Inc., a Washington corporation. The plaintiffs claim that the failure, resulting in a crop loss by frost, was caused by defective polyvinyl chloride (PVC) pipe alleged to have been defectively manufactured by the defendant (petitioner), Kubota Iron and Machinery Works, Ltd. (a Japanese corporation hereafter referred to as Kubota). The pleadings also allege negligent misrepresentations by the defendants, negligence in the manufacture and sale of the Kubota PVC pipe and the orchard heating system, and breach of an implied warranty.

All five actions were consolidated with the Benton County action of the plaintiff (respondent), Frank B. Omstead. Kubota was served in Japan, both by registered mail and by personal service, at its office in Osaka, Japan. Service of process is not an issue in this case.

Kubota moved the trial court to quash service and dismiss it for lack of jurisdiction, which motion was granted. On October 22, 1970 this court granted writ of certiorari to review the order of the trial court. Subsequently, the matter was transferred to Division Two of the Court of Appeals which, on July 9, 1971, in an extensive and exhaustive opinion by Judge Armstrong and concurred in by the other members of that division, reversed the decision of the trial court and reinstated Kubota as a party defendant, holding that the courts of this state have jurisdiction over Kubota under RCW 4.28.185, our long-arm statute. *See Omstead v. Brader Heaters, Inc.*, 5 Wn. App. 258, 487 P.2d 234 (1971). Kubota thereafter filed a petition for review in this court which was granted.

722

Kubota contends that not all of the facts recited in the Court of Appeals' opinion are supported by the record. We have carefully examined the record and conclude to the contrary. We have further considered the remaining contentions raised before the Court of Appeals and believe that our recent case of *Deutsch v. West Coast Machinery Co.*, 80 Wn.2d 707, 497 P.2d 1311 (1972), is substantially comparable upon the facts and is authority for the disposition of the instant case. The opinion written by the Court of Appeals, *Omstead v. Brader Heaters, Inc.*, *supra*, is consistent with our determination in *Deutsch v. West Coast Machinery Co.*, *supra*, and we adopt the Court of Appeals' opinion as the opinion of this court.

The order of the trial court quashing the summons and dismissing Kubota for lack of jurisdiction is reversed and Kubota is reinstated as a party in the action.