COLORADO RIVER WATER CONSERVATION DISTRICT, Southwestern Water Conservation District, Roland C. Fischer, and M. Michelle Balcomb, Plaintiffs,

v.

Cecil D. ANDRUS, Secretary of the United States Department of the Interior, Lynn A. Greenwalt, Director of the United States Fish and Wildlife Service, United States Fish and Wildlife Service, United States Department of the Interior, Richard D. Lamm, Governor of the State of Colorado, Jack R. Grieb, Director of the Division of Wildlife, Department of Natural Resources, State of Colorado, Wildlife Commission, Department of Natural Resources, State of Colorado, Scott M. Matheson, Governor of the State of Utah, Gordon E. Harmston, Executive Director of the Department of Natural Resources, State of Utah, and Douglas F. Day, Director, Division of Wildlife, State of Utah, Defendants.

Civ. A. No. 78-A-1191.

United States District Court,
D. Colorado.

Sept. 19, 1979.

---

Delaney & Balcomb by Kenneth Balcomb and Scott M. Balcomb, Glenwood Springs, Colo., and Maynes, Bradford & Duncan by Frank E. Maynes, Durango, Colo., for plaintiffs.

Joseph F. Dolan, U. S. Atty. by Richard Jost, Asst. U. S. Atty., Denver, Colo., and Steven A. Herman, Atty., Dept. of Justice, Washington, D. C., for federal defendants.

J. D. MacFarlane, Atty. Gen. by Lynn D. Obernyer, Asst. Atty. Gen., Natural Resources Section, Denver, Colo., for Colorado defendants.

Robert B. Hansen, Atty. Gen. by Dallin W. Jensen, Richard L. Dewsnup, and Michael M. Quealy, Asst. Attys. Gen., Salt Lake City, Utah, for Utah defendants.

MEMORANDUM OPINION AND ORDER

ARRAJ, District Judge.

Plaintiffs' complaint seeks to obtain a declaration of the duties and obligations of the defendants under the Endangered Species Act of 1973, 16 U.S.C. § 1531 et seq. (Act), and to enjoin activities of the defendants which allegedly violate the Act. The complaint alleges that the defendant Secretary of the Interior designated the Colorado River Squawfish and the Humpback Chub as "threatened with extinction" and that in making such designation, failed to comply with the Act and other federal statutes. The plaintiff districts, Colorado River Water Conservation District and Southwestern Water Conservation District, allege that they are in the process of developing certain water projects and claim that the unlawful designations are "impeding valuable property rights owned by the plaintiff districts, delaying the construction starts on certain district projects, and in general, inflating the cost of project construction, all to the damage of the two plaintiff districts and their taxpaying citizen inhabitants."

The Utah defendants are the Governor of Utah, the Executive Director of the Utah Department of Natural Resources, and the Director of the Division of Wildlife, State of Utah. Plaintiffs assert that these officials are violating the Act by stocking non-endemic or exotic fish in the Colorado River System, which adversely affects the "endangered species" by direct competition and by the introduction of diseases and parasites. Plaintiffs request that the Utah defendants be enjoined from their stocking activities in Utah. These defendants have moved to dismiss the complaint against them for lack of jurisdiction pursuant to Rule 12(b) of the Federal Rules of Civil Procedure on the grounds that this Court does not have personal jurisdiction over them and that the suit is barred by the Eleventh Amendment to the United States Constitution. Since I find that this Court does *not* have personal jurisdiction over the Utah officials, I do not reach the sovereign immunity issue. For the purposes of this motion I must assume the facts as alleged by plaintiffs are true.

I

Plaintiffs argue that personal jurisdiction over the Utah defendants exist because the Act itself provides for personal jurisdiction and because the Colorado long arm statute makes the defendants amenable to suit in this Court. I disagree with both contentions.

The Endangered Species Act was promulgated to conserve and protect endangered and threatened species. 16 U.S.C. § 1531. Section 1538(a)(1)(B) makes it unlawful for any person to "take" an endangered species. "Take" is defined to include "harass, harm, pursue, hunt, shoot, wound, kill, trap, capture, or collect, or to attempt to engage in any such conduct." 16 U.S.C. § 1532(19). The Act allows a citizen to commence a civil suit to enjoin violation of the Act, 16 U.S.C. § 1540(g), and provides that suit may be brought in the judicial district in which the violation occurs. 16 U.S.C. § 1540(g)(3)(A).

Plaintiffs allege that the stocking of fish in the Colorado River System by the Utah officials adversely affects the endangered fish in Colorado. They contend that any "taking" which occurs as a result of such stocking occurs not only at the point of introduction in the river, but also throughout the entire range of the fish in the river system. Thus plaintiffs conclude that the violation, or taking, occurs in Colorado, and by virtue of § 1540(g)(3)(A) (suit may be brought in the district in which the violation occurs), the defendants may be sued in this Federal Court.

■ Plaintiffs cite no authority for the proposition that § 1540(g)(3)(A) provides for *in personam* jurisdiction over violators of the Act. Even if I assume that a violation did occur in Colorado, that subsection does not provide that violators are subject to personal jurisdiction in Colorado. Section 1540(g)(3)(A) is a venue provision only. Thus if personal jurisdiction exists, it must be asserted on the basis of the Colorado long arm statute.

II

■ Rule 4(e) of the Federal Rules of Civil Procedure provides that a nonresident

party may be served with process under the circumstances and in the manner prescribed by the statute of the State in which the District Court sits. In determining whether the defendants are subject to *in personam* jurisdiction, the Court faces two questions: one, whether there is statutory authority for the exercise of jurisdiction under the laws of the state in which it sits, and two, whether that exercise of jurisdiction would offend the federal constitutional standards of due process. *Hardy v. Pioneer Parachute Co., Inc.*, 531 F.2d 193 (4th Cir. 1976); *Wilshire Oil Co. of Texas v. Riffe*, 409 F.2d 1277 (10th Cir. 1969). To determine compliance with federal due process standards, a court must look to *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and its progeny. The party asserting jurisdiction has the burden of proving its existence when challenged. *Amba Marketing Systems, Inc. v. Jobar Intern., Inc.*, 551 F.2d 784 (9th Cir. 1977); *Wilshire Oil Co. of Texas v. Riffe, supra.*

■ The applicable portion of the Colorado long arm statute provides:

> Engaging in any act enumerated in this section by any person, whether or not a resident of the state of Colorado, either in person or by an agent, submits such person, and, if a natural person his personal representative to the jurisdiction of the courts of this state concerning any cause of action arising from:
> (a) The transaction of any business within this state;
> (b) The commission of a tortious act within this state;

Colo.Rev.Stat. § 13–1–124 (1973).

Plaintiffs contend that the activity of the Utah officials is sufficient to invoke either the transaction of business section or the tortious act section of the statute. I cannot perceive how the stocking of fish in Utah can be considered a transaction of business within Colorado, therefore jurisdiction must be asserted, if at all, under the tortious act section of the statute.

■ If Utah did indeed commit a tortious act in Colorado by causing injury to fish in Colorado, I believe the Colorado long arm statute would permit service of process on the defendants. *Alliance Clothing v. District Court*, 187 Colo. 400, 532 P.2d 351 (1975); *Texair Flyers, Inc. v. District Court*, 180 Colo. 432, 506 P.2d 367 (1973); *Vandermee v. District Court*, 164 Colo. 117, 433 P.2d 335 (1967). Colorado has determined that jurisdiction can be asserted to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution. *Safari Outfitters, Inc. v. Superior Court*, 167 Colo. 456, 448 P.2d 783 (1968). However, I find that in this particular instance, the assertion of jurisdiction would offend the due process clause under the "minimum contacts" test of *International Shoe* and subsequent cases.

Due process requires that in order to subject these defendants to a judgment *in personam* they have certain minimum contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington, supra*, 326 U.S. at 316, 66 S.Ct. at 158. The application of this minimum contacts rule will vary with the quality and nature of the defendant's activity, "but it is essential in each case that there be some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). The defendants' contact with Colorado which plaintiffs allege satisfies these requirements is the introduction of fish, in Utah, into the Colorado River. In their brief, plaintiffs state that the "fish have no doubt entered Colorado," and adversely affected endangered species in Colorado. I do not believe that the mere planting of fish in Utah, which fish "enter" Colorado and cause injury, constitutes sufficient contacts with Colorado to subject defendants to personal jurisdiction. Plaintiffs have shown no act by which the defendants purposely availed themselves of the privilege of conducting activities in Colorado. *Hanson v. Denckla, supra.* While some

courts question whether this language from *Hanson v. Denckla* should be applied literally in tort cases, see *Phillips v. Anchor Hocking Glass Corp.*, 100 Ariz. 251, 413 P.2d 732 (1966), I hold that plaintiffs must at least show that defendants derive some benefit or protection as a result of the planted fish entering Colorado. Plaintiffs have failed to make such a showing.

The Supreme Court has recently emphasized the importance of the *Hanson v. Denckla* requirement in *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977) and *Kulko v. California Superior Court*, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978). In *Kulko*, the Court indicated that it may be unreasonable in certain cases to assert jurisdiction over a defendant who causes "effects" in a State by acts done elsewhere. 436 U.S. at 96, 98 S.Ct. 1690. In the present case, defendants may have caused "effects" in Colorado, but I believe that these effects and the activities of defendants are too insubstantial for the assertion of jurisdiction.

The consideration of fairness is inherent in the *International Shoe* minimum contacts test. Viewing the relationship between plaintiffs, defendants, and the forum State, I find that it would be unfair to subject the Utah officials to the jurisdiction of this Court. Plaintiffs are not without a forum, since the defendants are amenable to suit in Utah. Therefore it is

ORDERED that the complaint against the Utah defendants be, and the same hereby is, dismissed for lack of *in personam* jurisdiction.