Kenneth J. SHON, Petitioner,

v.

The DISTRICT COURT In and For the CITY AND COUNTY OF DENVER, of the Second Judicial District, and the Honorable Robert P. Fullerton, one of the judges thereof, Respondents.

No. 79SA340.

Supreme Court of Colorado,
En Banc.

Jan. 21, 1980.

Rehearing Denied Feb. 11, 1980.

Constantine & Prochnow, P. C., Thomas J. Constantine, Neil E. Lipson, Englewood, for petitioner.

DeMoulin, Anderson, Campbell & Laugesen, Richard W. Laugesen, Jr., Denver, for respondents.

GROVES, Justice.

Under C.A.R. 21 petitioner sought—and we granted—a rule to show cause as to why respondent court should not vacate its order of April 25, 1979, quashing service of process on Fuji Heavy Industries, Ltd. (Fuji), a defendant in a products liability action brought by petitioner. As we now have concluded that petitioner has not shown an adequate basis for *in personam* jurisdiction over Fuji, we discharge the rule.

The petitioner, a Colorado resident, was plaintiff in the respondent court. He alleged that Fuji, a Japanese corporation, along with three other defendants, are liable to him in money damages for severe and permanent injuries sustained by him in an automobile accident in Pennsylvania. The injuries were allegedly caused by a defective latching mechanism on the rear liftgate of the Subaru auto in which he was a passenger at the time of the accident. He further alleged the following facts to de-

scribe the marketing of the auto: (1) that Fuji designed, manufactured and assembled the defective vehicle; (2) that defendant Subaru of America, Inc. (Subaru of America) was and is a Fuji-authorized United States importer and distributor of Subaru autos; (3) that either defendant Leo Payne Subaru, Inc., a Colorado retail Subaru dealer, or defendant Western Sim, Inc., a Colorado Subaru wholesale distributor, purchased the auto from Subaru of America; and (4) that defendant Leo Payne, Inc. sold the auto in 1975 to a retail customer who in turn sold it to the individual who was driving the auto at the time of the accident. The plaintiff made the conclusory allegation that Fuji was a part of the distribution chain of its vehicles. The plaintiff made no further specific allegations of any agency or contractual relationship between Fuji and any Colorado defendant, nor any additional allegations of the extent of commercial contacts between Fuji and the state of Colorado.

Service of process upon Fuji was made by serving copies of the summons and complaint on both Leo Payne, Inc. in Colorado and on Subaru of America in New Jersey as agents for Fuji.

Fuji appeared specially and moved to quash the service on the grounds that Fuji was a Japanese corporation, was not and had never been present in the United States, that no proper basis existed for jurisdiction, and that Fuji had not been properly served pursuant to the long arm statute, section 13–1–124, C.R.S.1973, or C.R. C.P. 4.

The respondent court noted that Subaru of America submitted an affidavit denying that it was or is an agent of Fuji.

On April 25, 1979, having conducted a hearing on the motion, the respondent court found that service of process on Fuji was improper and that the contacts shown between Fuji and the state of Colorado were insufficient to allow the exercise of jurisdiction over Fuji. The court granted the motion to quash against Fuji.

The issue presented here is whether the district court has *in personam* jurisdiction over Fuji.

Plaintiff argues that the long arm statute provides two different bases for the exercise of personal jurisdiction over Fuji. In the trial court and here plaintiff argued that Fuji *transacted business* in Colorado to a degree sufficient to satisfy subsection (a) of the long arm statute. In his reply brief here the plaintiff first contended that jurisdiction could also be found under subsection (b) of the statute, relating to the *place of commission of the tort.*

We note at this juncture that so far as the issues in this case are concerned there is no difference between an alien corporation and that of one of our sister states. *Alliance Clothing v. District Court,* 187 Colo. 400, 532 P.2d 351 (1975).

Our long arm statute provides that the courts of Colorado have jurisdiction over any person, resident or not of Colorado, who engages in certain specified types of activities within Colorado:

"Jurisdiction of courts. (1) Engaging in any act enumerated in this section by any person, whether or not a resident of the state of Colorado, either in person or by an agent, submits such person, and, if a natural person his personal representative to the jurisdiction of the courts of this state concerning any cause of action arising from:

(a) The transaction of any business within this state;

(b) The commission of a tortious act within this state; . . . ." 13–1–124, C.R.S.1973.

At the outset we note that, when a plaintiff asks a court to find jurisdiction under the long arm statute, it is his burden to allege in his complaint facts sufficient to support a reasonable inference that the defendant engaged in conduct described in the long arm statute. *Texair Flyers v. District Court,* 180 Colo. 432, 506 P.2d 367 (1973); *Pioneer Astro Industries v. District Court,* 193 Colo. 409, 566 P.2d 1067 (1977).

Plaintiff has argued that Fuji's activity within this state can be encompassed within subsection (a), that is, that Fuji, although in Japan, effectively transacted business in Colorado by designing, manufacturing and directing the distribution and sales in the United States, including Colorado, of Subaru automobiles. Plaintiff further states: (1) Fuji knew or should have known that by its marketing and distribution scheme the particular auto might well eventually be sold in Colorado; (2) Subaru of America was the authorized importer of Subaru autos; (3) any owner of a Subaru is informed by manuals and booklets accompanying the vehicle that there is an ongoing relationship among the four named defendants as a result of the distribution system; and (4) that the fact that Fuji is the manufacturer is emphasized by a statement to that effect in heavy print in the owner's booklet.

We are unable to find factual allegations sufficient to justify plaintiff's claim that Fuji engaged in the transaction of business within Colorado. The plaintiff did not allege that Fuji had any direct contact or entered into any contractual relationship in Colorado, that Fuji had any agent, registered or not, within Colorado, or that Fuji had any control or direction over the automobiles once they were sold to Subaru of America. Further, there has been no suggestion that Fuji authorized, approved or even knew of the manuals and booklets mentioned in the preceding paragraph. A *prima facie* case of threshold jurisdiction based upon the theory that Fuji transacted business in Colorado simply was not made to the trial court. *Ferrari v. District Court,* 185 Colo. 136, 522 P.2d 105 (1974); *People, ex rel. Jeffers v. Gibson,* 181 Colo. 4, 508 P.2d 374 (1973); and *Granite State Volkswagen, Inc. v. District Court,* 177 Colo. 42, 492 P.2d 624 (1972). In *Connelly v. Uniroyal, Inc.,* 75 Ill.2d 393, 27 Ill.Dec. 343, 389 N.E.2d 155 (1979), *cert. pending,* U.S.Sup. Ct., upon which plaintiff strongly relies, there was an extensive factual showing.

Having concluded that there were insufficient allegations to support a threshold finding of jurisdiction based upon the trans-

action-of-business subsection of the long arm statute, we now turn to the plaintiff's later contention that, although the accident occurred outside Colorado, jurisdiction may be found under the tort subsection of the statute. The plaintiff argues that, by introducing the allegedly defective vehicle into the stream of commerce with a reasonable awareness that it might be purchased and used in Colorado by a Colorado resident, Fuji has committed a tortious act within the state of Colorado.

*Ferrari v. District Court, supra,* an opinion issued under very similar facts, stands for the proposition that the situs of the accident is the determining factor in the resolution of whether jurisdiction may be obtained under the tort section of the long arm statute. In *Ferrari,* the alleged defect in the automobile allegedly manifested itself during an accident in Nevada. The result was that a resident of Colorado was fatally injured. ·We there rejected the arguments that a tort was committed in Colorado by virtue of the fact that the automobile was purchased through a dealer in Colorado, that the injured party was a resident of Colorado, and that his death occurred after he was brought to Colorado. Similarly, in the instant case, we must reject plaintiff's argument that a tortious act occurred in Colorado merely because the allegedly defective automobile was purchased in Colorado and the alleged defect injured a Colorado resident.

 We cannot agree with the plaintiff that our statute allows the exercise of jurisdiction here. This court continues to adhere to the principles stated in the Restatement of Conflicts[1] that the place of the injury—that is, the place where the defect manifests itself—is the place of the commission of the tort referred to in our long arm statute.

The trial court ruled that plaintiff's service on Leo Payne, Inc. and on Subaru of America was not effective. We note that plaintiff claims that, since the trial court's ruling, process has been personally served upon Fuji in Japan. For the reasons already expressed, that service would not form a basis for *in personam* jurisdiction any more than did the process upon which the trial court passed.

Rule discharged.

LEE and DUBOFSKY, JJ., do not participate.

---

1. Restatement, Conflicts of Laws, section 377.