RESOURCES INVESTMENT CORPORA-
TION, a Colorado corporation,
Plaintiff,

v.

HUGHES TOOL COMPANY, a Delaware
Corporation, and Breda Fucine, S.p.A.,
an Italian Corporation, Defendants.

Civ. A. No. 82–C–1672.

United States District Court,
D. Colorado.

April 28, 1983.

Paul G. Bursiek, Fishman, Geman, Gersh & Bursiek, P.C., Denver, Colo., for plaintiff.

William P. Horan, Burnett & Horan, Denver, Colo., Allan A. Tuttle, Patton, Boggs & Blow, Washington, D.C., Ronald A. Milzer, Pendleton & Sabian, Denver, Colo., for defendants.

## ORDER

CARRIGAN, District Judge.

Plaintiff, Resources Investment Corporation ("RIC"), has filed this diversity action. RIC seeks to recover damages allegedly incurred when a drill it was using broke and fell to the bottom of an oil well. The drill had been welded by the defendant Breda Fucine, S.p.A., ("Breda") and was sold by the other defendant, Hughes Tool Company ("Hughes"). Breda has filed a motion to dismiss for lack of personal jurisdiction, asserting that it is not within the reach of the Colorado "long-arm" statute. Colo.Rev. Stat. § 13–1–124 (1973 & Supp.1982). Hughes has filed a motion to transfer this action pursuant to 28 U.S.C. § 1404. The issues raised by these motions have been thoroughly briefed, and oral argument would not materially assist in determining them.

### 1. *Breda's Motion to Dismiss.*

■ Breda argues that it has neither transacted business in Colorado nor committed any act which would subject it to the jurisdiction of the Colorado courts, and therefore this Court has no diversity jurisdiction. Breda argues that it merely welded, in Milan, Italy, a pipe which was subsequently sold in Texas where the weld allegedly failed while the plaintiff Colorado corporation was using the pipe for drilling in Texas. RIC responds, however, that because the welded pipe was placed in the stream of commerce, Breda should be subjected to the jurisdiction of Colorado courts on the theory that the weld failure in Texas caused RIC an economic injury in Colorado.

RIC argues that its position is supported by *Alliance Clothing Ltd. v. District Court,* 187 Colo. 400, 532 P.2d 351 (1975). In *Alliance* a product manufactured by a foreign corporation caused an injury in Colorado, and the corporation was held subject to the

jurisdiction of Colorado courts. In that case, however, the product had been sold in Vail, Colorado. As stated, the pipe in this case was sold in Texas and the weld broke in Texas. RIC seeks, in effect, to sever the physical damage from its ultimate economic effects, and give jurisdictional consequences to the latter.

In *Ferrari, S.p.A. v. District Court,* 185 Colo. 136, 522 P.2d 105 (1974), the decedent had been injured in a Nevada automobile accident. He then was brought home to Colorado, where he died. In a subsequent suit claiming his death resulted from a product defect, the Colorado Supreme Court held the foreign manufacturer of the allegedly defective product not subject to the jurisdiction of Colorado courts because no injury had occurred in Colorado.

Having fully reviewed the instant case in light of *Ferrari* and *World-Wide Volkswagen Corporation v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), I find and conclude that Breda is not subject to the jurisdiction of this Court under Colorado's long-arm statute. The motion to dismiss the action without prejudice as to Breda is, therefore, well founded.

### 2. *Hughes' Motion to Transfer.*

■ Hughes argues that, for the convenience of the parties and witnesses, and in the interest of justice, this case should be transferred to the Southern District of Texas. *See* 28 U.S.C. § 1404(a). Hughes claims that all of its employees and witnesses are in the Southern District of Texas, and the convenience of Hughes and its witnesses would be served if this action were transferred there.

Hughes also argues that the convenience of some of RIC's witnesses would be served if this case were transferred to the Southern District of Texas. The drilling and subsequent weld failure occurred in the Western District of Texas. RIC has conceded that some of its employees still reside in the Western District. Hughes thus argues that it would be more convenient for those RIC witnesses residing in the Western District to testify in the Southern District of Texas than in Colorado.

Lastly, Hughes argues that transferring this action to the Southern District of Texas would serve the interests of justice. Breda welded the pipe and may be liable for damages caused by the weld's failure. However, Breda is not subject to the jurisdiction of this Court. If this action were to continue in Colorado and Hughes eventually were found to be liable to RIC, Hughes then would bear the onus of maintaining a subsequent action in an attempt to obtain contribution from Breda. Hughes argues that transferring this action not only would serve judicial economy by obviating multiple suits, but would avoid the possibility of inconsistent judgments.

RIC responds that some of its witnesses are in Colorado and that none of its witnesses are in the Southern District of Texas. RIC then contends that the plaintiff's choice of forum is to be respected and actions should not be transferred if the convenience of parties and witnesses is substantially balanced between two forums. *Stop-A-Flat Corporation v. Electra Start of Michigan,* 507 F.Supp. 647, 652 (E.D.Pa. 1981); *Chicago Reader, Inc. v. Metro College Publishing, Inc.,* 495 F.Supp. 441 (E.D. Ill.1980).

The purpose of 28 U.S.C. § 1404(a) is to prevent waste of time and money, and to protect parties, witnesses, and litigants from unnecessary inconvenience and expense. *Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). Congress's intent in passing 28 U.S.C. § 1404(a) was to permit courts to transfer cases upon a lesser showing of inconvenience than that required by the doctrine of forum non conveniens. *Norwood v. Kirkpatrick,* 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955).

Although the plaintiff's choice of forum is entitled to respect, it is not controlling. *Moore v. Telfon Communications Corp.,* 589 F.2d 959 (9th Cir.1978); *Monihen v. Oliver Machinery Co.,* 502 F.Supp. 36 (E.D.Pa. 1980). Many of the witnesses here involved reside in Texas, and the events that gave rise to the lawsuit occurred in Texas. Furthermore, the interests of justice would be served more efficiently by having one trial rather than two. *See Minnesota Mining and Manufacturing Co. v. Technical Tape Corp.,* 123 F.Supp. 497 (N.D.Ill.1954) ("[28 U.S.C. § 1404(a)] was designed to prevent duplicate trials of the same subject matter." *Id.* at 499.).

I find and conclude that the interests of the parties and witnesses, and the interests of justice, will be best served by transferring this action.

Accordingly,

IT IS ORDERED that Breda's motion to dismiss RIC's claims against Breda is granted, and these claims will be dismissed without prejudice for lack of personal jurisdiction unless this defect is cured within thirty days of this order or such later time as a court of competent jurisdiction shall determine within that thirty-day period.

IT IS FURTHER ORDERED that Hughes' motion to transfer this action is granted, and this action shall be transferred to the Southern District of Texas.