**N.S., a minor child by next friend, L.C.-K., Plaintiff-Appellee,**

v.

**S.S., Defendant-Appellant.**

**No. 84CA0820.**

Colorado Court of Appeals, Div. IV.

April 25, 1985.

Rehearing Denied July 3, 1985.

Certiorari Denied Nov. 12, 1985.

Joan S. Brett, P.C., Joan S. Brett, Boulder, for plaintiff-appellee.

Lirtzman & Nehls, P.C., Richard M. Lirtzman, Joan M. Norman, Boulder, for defendant-appellant.

SILVERSTEIN *, Judge.

In this paternity action appeal, defendant asserts the trial court erred in granting

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* Art. VI, Sec. 5(3)

and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

sanctions to plaintiff for defendant's refusal to produce documents, and denying defendant's motion to vacate a default judgment. We affirm.

The plaintiff, a three-year old boy, brought this action through his mother, requesting: (1) a determination that defendant is his father; (2) reasonable child support; (3) reasonable expenses of the mother's pregnancy and confinement; (4) a determination of custody and visitation rights; and (5) costs and attorney's fees. Mother and child were residents of Colorado, and defendant was a resident of California. He was personally served in that state. The child was not conceived in Colorado.

Defendant failed to appear and a default was entered. Following a hearing at which defendant did not appear, the defendant was determined to be plaintiff's father. After a further hearing, the court, as of March 25, 1983, ordered payment of child support retroactive to plaintiff's date of birth, payment of medical expenses connected with the birth, payment of attorney's fees, and required defendant to furnish medical and dental insurance, all payments to terminate on the child's reaching the age of 21 or on prior emancipation. The court credited defendant with payments previously paid by him for child support and medical expenses.

On July 1, 1983, defendant entered a special appearance and filed a motion to vacate the March 25 judgment. As ground for his motion, defendant asserted that he was a resident of California and that the court did not have personal jurisdiction over him.

Plaintiff then filed a motion for production of documents, including, *inter alia*, records on specified bank accounts, articles of incorporation, by-laws, and corporate minutes in three corporations, credit card records, and title records to real property in California. Plaintiff contended that these documents were necessary to prove that defendant had sufficient connections with Colorado to establish that he was subject to Colorado court jurisdiction in this action. Defendant did not furnish the documents, claiming that he did not have custody or control of them, and could not obtain them.

After a hearing on the motion to produce, defendant was ordered to produce such of the documents as were under his custody or control, and was warned that failure to do so would subject him to contempt problems, "as well as other things." Defendant still failed to produce, and plaintiff filed a motion for sanctions under C.R. C.P. 37(b)(2)(A), including that personal jurisdiction be established over defendant.

A joint hearing was held on the motion for sanctions, and the motion to set aside the judgment. Defendant produced only the articles and by-laws of the three corporations, and minutes of one corporation.

Following the hearing, the court entered findings of fact and conclusions of law. It found as pertinent here, that Shashi, Inc., a New York corporation, was the alter ego of defendant, and that the corporation's activities in Colorado were substantial and continuous. From its findings, it concluded:

"[T]hat the facts of this case present appropriate circumstances for establishing personal jurisdiction as a sanction for a willful violation of court-ordered discovery. Personal jurisdiction over the Defendant is deemed established."

As a further rationale for its jurisdictional ruling, the court stated:

"[P]ersonal jurisdiction is established over the Defendant in Colorado by his personal contacts with this state and by the corporate contacts of Shashi, Inc., the alter ego of defendant.... Personal jurisdiction exists even though the claim against Defendant in this case is unrelated to his personal or corporate contacts with the state."

A "consolidated judgment," which incorporated the orders entered March 25, 1983, with the above conclusions, was then entered, and defendant brought this appeal.

Defendant admits that he is the father of the child. In this appeal, the only issues raised by defendant are: (1) that no sanc-

tion was proper because of the deficiency of the order compelling discovery; (2) that the sanction imposed was improper; and (3) that the findings did not support the exercise of personal jurisdiction over defendant on a claim unrelated to the defendant's forum contacts.

## I.

■ Defendant contends that the order compelling production was deficient in failing to specify which documents he was required to produce. We disagree.

The order required him to produce the "requested" documents in his custody or control. Plaintiff's motion to produce clearly listed the types of documents defendant was to produce, and the evidence at the hearing established that the requested documents were either in his custody or under his control. Therefore, the court could properly order a sanction. C.R.C.P. 37(b)(2)(A).

## II.

■ Defendant next contends that, if sanctions were proper, the sanction imposed—that personal jurisdiction over defendant was established—was not supported by the record and was not warranted. We agree that the sanction was overbroad.

Plaintiff's and the trial court's reliance on *Insurance Corp. of Ireland v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982) is misplaced. In that case, the facts sought to be established through documents ordered to be produced involved the activities of the defendant insurance company in the forum state. After repeated failure by the insurance company to produce, the trial court warned the defendant that if they were not produced, the court would "assume, under Rule of Civil Procedure 37(b), subsection 2(A), that there is jurisdiction." The documents were not produced, and the trial court found that, for purposes of the litigation, the insurance company was subject to *in personam* jurisdiction because of its business contacts with the forum state.

In *Insurance Corp. of Ireland*, the court quoted *Hammond Packing Co. v. Arkansas*, 212 U.S. 322, 29 S.Ct. 370, 53 L.Ed. 530 (1909), which upheld the imposition of such a sanction on the ground, *inter alia*, that:

"[The insurance company's] failure to supply the requested information *as to its contacts* with [the forum state] supports 'the presumption that the refusal to produce evidence ... was but an admission of the want of merit in the asserted defense.' " (emphasis added)

Here, although the ultimate issue was whether the court had personal jurisdiction over the defendant, the issue relative to the production of the documents was limited to only one element necessary to establish jurisdiction; namely, whether Shashi, Inc., was defendant's alter ego. The evidence relative to the documents does not indicate that they would disclose any activities of the defendant in Colorado. However, the record is clear that the documents would establish that Shashi, Inc., was the alter ego of the defendant. The sanction imposed to that effect was justified. C.R.C.P. 37(b)(2)(A). Although the sanction regarding personal jurisdiction was not appropriate, it does not constitute reversible error because, as indicated in III *infra*, the evidence adduced at the hearing was sufficient to establish personal jurisdiction.

## III.

■ Defendant asserts that the record and the trial court's findings of fact do not warrant a conclusion that the court has personal jurisdiction over him. We disagree.

For purposes of this appeal, the following facts are admitted by defendant.

1. Shashi, Inc., a New York corporation not authorized to do business in Colorado, is his alter ego.

2. Since 1976, a Shashi salesperson has come to Colorado every two to three months to solicit orders from its customers. The salesperson spends a total of 45 to 60 days in Colorado each year during these trips. The salespeople do not now deliver

goods to the customers, although in past years a few samples were sold to the customers.

3. Shashi has approximately 1,400 customers nationwide, of which 35 are in Colorado. The Colorado sales amount to about five percent of Shashi's total volume.

4. For about two and one-half years plaintiff's mother was a salesperson for Shashi, and her territory included Colorado.

5. At defendant's insistence, Shashi, Inc., carried plaintiff's mother on its group health insurance policy after her employment was terminated and while she was a resident of Colorado.

6. Defendant's personal visits to Colorado consisted of one trip in the early 1970's to visit a customer, four or five trips in 1981 totalling about 25 days to visit plaintiff's mother and the child, and a few hours in the Denver airport in 1982 while returning the child after a visitation period.

The parties agree that the Long Arm Statute, § 13–1–124, C.R.S., does not apply. Defendant, therefore, contends that in order to establish personal jurisdiction over him on a claim unrelated to his forum contacts, the record must establish substantial and continuous activities within the state. He asserts that the above-listed contacts fail to do this.

Before a court can properly assume personal jurisdiction over a non-resident defendant who is served with process outside the forum, the court must determine whether the defendant's activities in the forum establish his "presence" in the forum. The necessary extent of these activities varies with the relationship of the activities to the cause of action, or claim for relief. As stated in *Tucker v. Vista Financial Corp.*, 192 Colo. 440, 560 P.2d 453 (1977):

> "It is clear that jurisdiction may be based on a single transaction when the cause of action arises from that transaction. *McGee v. International Life Insurance Co.*, [355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957).] It is equally clear that where there are substantial continuous

contacts with the forum state, jurisdiction may be found even when the cause of action does not arise out of the forum-related activity. *Perkins v. Benguet, Consolidated Mining Co.*, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952)."

*Accord, Le Manufacture Francaise v. District Court*, 620 P.2d 1040 (Colo.1980).

Here, the claim for relief does not arise out of forum-related activity of the defendant, the bulk of which transpired through his alter ego, Shashi, Inc. To determine whether sufficient contacts exist to support jurisdiction we look to guidelines stated in *Le Manufacture Francaise v. District Court, supra,* including the "quality and nature" of defendant's activities, and whether defendant by his conduct "purposely availed [himself] of the privilege of conducting activities within [the] state." Also:

> "The burden to defend is not the only relevant consideration in assessing the reasonableness and fairness of the state's assertion of jurisdiction. Also important is the plaintiff's interest in obtaining convenient and effective relief." *Le Manufacture Francaise v. District Court, supra.*

In applying these criteria to the facts here, we find that the trial court properly exercised jurisdiction over the defendant. Particularly the sending of salesmen to this state several times a year for approximately six years denotes that defendant purposely availed himself of the privilege of conducting activities within Colorado.

This prolonged activity, coupled with the continued insurance coverage of plaintiff's mother after she was no longer employed and while she was a resident of Colorado, constituted substantial and continuous contacts sufficient to warrant jurisdiction in this action. *See Tucker v. Vista Financial Corp., supra.*

 Further, in considering the jurisdiction issue in the light of fair play and substantial justice, as we must, *Alliance Clothing, Ltd. v. District Court*, 187 Colo. 400, 532 P.2d 351 (1975), we find the child's

interest in obtaining convenient and effective relief overrides the burden to defendant. *See Le Manufacture Francaise v. District Court, supra.*

The judgment is affirmed.

ENOCH, C.J., and HODGES *, J., concur.