Joanne HILL, Commissioner of Insurance, Plaintiff,

v.

ASSOCIATION OF SMALL BUSINESS EMPLOYEES; Small Business Employees Trust; Franklin Administrators, Inc., a Colorado corporation; Christopher W. Stevenson, individually and as President of the Association of Small Business Employees ("ASBE"); Arnold Cortez, Jr., individually and as Vice President of ASBE, and as Trustee for the Small Business Employees Trust ("SBET"); Bonnie Banner, individually and as Secretary/Treasurer of ASBE and Trustee for SBET; Thomas O. Stevenson, a/k/a Thom Stevenson, individually and as Director and Chief Executive Officer of Franklin Administrators, Inc.; James L. Moore, individually and as an officer of Franklin Administrators, Inc.; Duane Johnson, individually and as an officer of Franklin Administrators, Inc.; Annette Stevenson, individually and as Director of Franklin Administrators, Inc., Defendants.

Civ. A. No. 92–F–973.

United States District Court, D. Colorado.

Oct. 28, 1992.

Robert M. Howard, Stephen G. Smith, Asst. Attys. Gen., Regulatory Law Section, Denver, CO, for plaintiff.

James C. Fattor, Rita Byrnes Kittle, Fattor & Kittle, P.C., Denver, CO, for defendants.

### ORDER REGARDING PLAINTIFF'S SECOND MOTION FOR REMAND

SHERMAN G. FINESILVER, Chief Judge.

This matter comes before the Court on Plaintiff's Second Motion to Remand. The litigants have fully briefed the issues. Jurisdiction is alleged to be based upon 28 U.S.C.A. § 1331 (West 1966 & Supp.1992). This Court will take limited subject matter jurisdiction for the purpose of determining its jurisdiction. For the reasons stated below, the motion is GRANTED.

I.

Plaintiff, Joanne Hill, the Colorado Commissioner of Insurance (the "Commissioner"), is charged by statute to enforce the insur-

ance laws of the State of Colorado.[1] Plaintiff brought this action in the state district court, alleging that Defendant was unlawfully transacting the business of insurance in the State of Colorado without a certificate of authority, as required by § 10–3–105 C.R.S. (1987). Claiming that its insurance plan was governed solely by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.A. § 1001 *et seq.,* Defendant removed the case to the United States District Court for the District of Colorado. The purpose of this Order is to determine whether Defendant's plan is in fact governed only by ERISA and if, therefore, the case was properly removed to federal court. We answer these inquiries in the negative.

Defendant Association of Small Business Employees ("ASBE") claims to be a labor organization formed pursuant to 29 U.S.C.A. § 152(5) of the National Labor Relations Act ("NLRA") to represent the employees of small businesses. ASBE was formed at some point after October 31, 1990. ASBE is not licensed to transact the business of insurance in the State of Colorado.

Defendant Small Business Employee Trust ("the Trust") claims to be an ERISA-qualified employee welfare benefit plan ("EWBP") established and maintained by an employee organization (here, ASBE) pursuant to 29 U.S.C.A. § 1003(a)(2). Consequently, Defendant Trust claims to be exempt from state regulation pursuant to 29 U.S.C.A. § 1144(a).

The Trust was formed on or about January 14, 1991. It provides major medical expense benefits to its subscribers through the Protector I and Economizer health and medical plans. Employers qualify to enroll their employees in one of the Trust's plans by entering into an agreement with Defendant ASBE. According to paragraph 6 of the agreement, the employer then contributes to the Trust for the purpose of purchasing major medical benefits for its employees. Plaintiff contends that the Trust is marketed by insurance agents with little or no union experience, and Defendants do not dispute the claim. Notably, according to affidavits submitted by the Commissioner, self-employed persons, 100–percent shareholders of corporations, and sole proprietors may become "Associate Members" of ASBE and purchase benefits through the Trust. The Trust is also not licensed to transact the business of insurance in this State.

Defendant Franklin Administrators, Inc. ("Franklin"), a Colorado corporation, is the administrator of the Small Business Employees Trust Protector I and Economizer health and medical plans. Defendant Christopher W. Stevenson is President of ASBE. Defendant Arnold Cortez is Vice President of ASBE and a Trustee for the SBET plan. Defendant Bonnie Banner is Secretary–Treasurer of ASBE and a Trustee for the SBET plan. Defendant Thomas Stevenson is a Director and Chief Executive Officer of Franklin. Defendants James L. Moore and Duane Johnson are alleged by Plaintiff to be officers of Franklin and to have signatory power on the corporate checking account. Defendant Annette Stevenson is a Director of Franklin. None of the named Defendants are licensed to transact the business of insurance in the State of Colorado.

## II.

The Commissioner claims that ASBE is not a *bona fide* labor organization nor the Trust a qualifying employee welfare benefit plan because ASBE and the Trust include as members persons who are not employees as defined by 29 U.S.C.A. § 152(3) of the NLRA. The Commissioner also claims that ASBE is not a *bona fide* labor organization because it was formed primarily as a method to transact the business of insurance and not to represent employees in labor matters as required by 29 U.S.C.A. § 152(5). The Commissioner further alleges that ASBE is not exempt from state regulation as an ERISA trust under 29 U.S.C.A. § 1144(a) because it enrolls nonqualifying persons as beneficiaries of the trust.

Rather than addressing any of Plaintiff's arguments on the merits, Defendants address all of their arguments to the proposition that this Court has jurisdiction to determine whether ASBE and the Trust are governed by ERISA. Significantly, Defendants

---

1. All factual recitations in this Order have been alleged in the litigants' pleadings.

fail to *show* that ASBE and the Trust are governed by ERISA, which is necessary to establish federal court jurisdiction.

We agree with the Commissioner and find that the removing Defendants have not met their burden of showing that subject matter jurisdiction exists in this Court. *See Colorado River Water Conservation District v. Andrus*, 476 F.Supp. 966, 969 (D.Colo.1979); *Menchaca v. Chrysler Credit Corporation*, 613 F.2d 507, 511 (5th Cir.1980); *State of Texas v. National Council of Allied Employees*, 791 F.Supp. 1154, 1161 (W.D.Tex.1992).

## A. Qualifying Employee Welfare Benefit Plans Under ERISA: Required Establishment and Maintenance

In order for an insurance plan to qualify as an employee welfare benefit plan ("EWBP") exempt from state regulation and subject only to ERISA, the plan must be "established or maintained by an employer or by an employee organization, or by both ... for the purpose of providing its participants" certain benefits. 29 § U.S.C.A. 1002(1). Although Defendants provide no assistance in refuting Plaintiff's contention that the Trust does not qualify as an EWBP, we are satisfied that Plaintiff is correct.

█ In order for the Trust to qualify as an EWBP exempt from state regulation, ASBE must establish that it is an employer or an employee organization. We first address the question of whether ASBE is an employer. 29 U.S.C.A. § 1002(5) defines "employer" to mean "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such a capacity." ASBE does not, and cannot, assert that it is an "employer" within 29 U.S.C.A. § 1002(1) or a group or association of employers under 29 U.S.C.A. § 1002(5). Nor, as an entity organized for its own profit, is it acting indirectly in the interests of an employer. In fact, ASBE does not contend that any entity but itself "established or maintained" the Trust. In the Activity Report of the Committee on Education and Labor, Congress expressed its "virtually conclusive" legislative intent regarding entities clamoring for the status of "employer" as follows:

> certain entrepreneurs have undertaken to market insurance products to employers and employees at large, claiming these products to be ERISA covered plans. For instance, persons whose primary interest is in profiting from the provision of administrative services are establishing insurance companies and related enterprises. The entrepreneur will then argue that [its] enterprise is an ERISA benefit plan which is protected, under ERISA's preemption provision, from state regulation ... [W]e are of the opinion that these programs are not 'employee benefit plans' ... [T]hese plans are established and maintained by entrepreneurs for the purpose of marketing insurance products or services to others. They are not established or maintained by the appropriate parties to confer ERISA jurisdiction ... They are no more ERISA plans than is any other insurance policy sold to an employee benefit plan.

*MDPhysicians & Associates v. State Board of Insurance*, 957 F.2d 178, 184 (5th Cir. 1992) (quoting H.R.Rep. No. 1785, 94th Cong., 2d Sess. 48 (1977)).

The Fifth Circuit found that an insurance plan set up by doctors and sold to subscribing employers was not indirectly in the interest of the employers. Rather, the seller of the plan acted *"for itself."* *MDPhysicians*, 957 F.2d at 185 (emphasis in original). The Court of Appeals cited the fact that the plan was marketed to employers at large, that the seller employed insurance agents to market the plan, and that its primary interest was profit and not the provision of services to employers. We find that the same factors militate against finding ASBE to be acting indirectly in the interest of any employer, and indeed, ASBE has alleged no such relationship. Plaintiff alleges, and Defendants do not deny, that ASBE has sold the Trust to nonemployees, that ASBE employs insurance agents to sell the Trust, and that ASBE is a for-profit organization which is economically unrelated to any employers for whom it might purport to be acting.

■ Having found that ASBE is not an employer, we are left to determine whether ASBE is an "employee organization" as defined by Title 29. 29 U.S.C.A. § 1002(4) states that an "employee organization" is:

> any labor union or any organization of any kind, or any agency or employee representation committee, association, group, or plan, in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning an employee benefit plan, or other matters incidental to employment relationships; or any employees' beneficiary association organized for the purpose, in whole or in part, of establishing such a plan.

Alternatively, section 152(5) defines a "labor organization" as:

> any organization of any kind, or any agency or employee representation committee or plan, in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work.

Although ASBE states that it "was established in accordance with the Labor Management Relations Act, 29 U.S.C. § 186, and operates pursuant to collective bargaining agreements," we cannot agree that it is either an employee organization or a *bona fide* labor organization.

■ First, the manner in which ASBE attempted to establish its Trust is irrelevant. ERISA has no provision for intent. "ERISA protection and coverage turns on whether [a plan] satisfies the statutory definition of 'employee welfare benefit plan,' not whether the entity that established and maintained [the plan] intended ERISA to govern [it]." *MDPhysicians*, 957 F.2d at 183 n. 7. Second, there is no evidence that any employee covered by the Trust participated in its creation or has any input into its maintenance. ASBE has not alleged that it exists in whole or in part for the purpose of "dealing with employers concerning an employee benefit plan, or other matters incidental to employment relationships," nor has it claimed to "deal[ ] with employers concerning grievances, labor disputes, wages, rates of pay,

hours of employment, or conditions of work." ASBE did not at any time engage in any collective bargaining to qualify it as an employee organization, and its failure even to allow employee input places it even farther from the status of a labor organization.

Defendants do not dispute Plaintiff's claim that ASBE's 'representatives' are in reality insurance agents with little or no union experience. In addition, Defendants do not dispute that the ASBE representatives earn commissions for their sales. It is unrefuted that ASBE representatives make the Trust available to employers only if the employers sign an "Employer Agreement," which the employer apparently may do without any input from or negotiation with its employees. In fact, the President of ASBE, Christopher Stevenson, stated in an affidavit that the "collective bargaining agreement" is "simple enough that employers find it acceptable with little or no modification. ASBE organizers are able to show this agreement to prospective members and explain how they benefit from it, with confidence that the employer will be willing to sign the agreement." However, "[t]o allow an entrepreneurial venture to qualify as an 'employer' by establishing and maintaining a multiple employer welfare arrangement without input by the employers who subscribe to the plan would twist the language of the statute and defeat the purpose of Congress." *MDPhysicians*, 957 F.2d at 185. ASBE also appears to believe, incorrectly, that an agreement never seen by any employee is, once signed by an employer, a collectively bargained agreement.

A sample Employer Agreement attached to Plaintiff's filing shows it to be a simple form agreement with a primary term of three months. The Agreement requires no negotiation and does not modify any existing working conditions or other benefits of employees. *Cf. National Council of Allied Employees*, 791 F.Supp. at 1157–58 (holding that an insurance entity was not a labor organization where employees did not participate in their insurance plan, were not aware of any rights to participation, and were not aware they were members of a union or other organization). Once the agreement is signed, ASBE plays no role in employer-employee

relations, despite a rather presumptuous provision in the Agreement, never agreed to by any employee, that *"[t]he Employer* recognizes [ASBE] as the exclusive representative of all employees." (emphasis added). Defendant has offered no evidence to counter Plaintiff's claim that the only successful union elections held by ASBE were with ASBE's own employees and the employees of Franklin Administrator, Inc., administrator of the Trust. It is clear that ASBE does not exist in whole or in part for the benefit of employees, and "Congress would have had no reason to exempt from state regulation insurance programs that are established and maintained by entrepreneurs for their profit." *Wayne Chemical, Inc. v. Columbus Agency Service Corporation,* 567 F.2d 692, 699 (7th Cir.1977).

Accordingly, we find that ASBE is not an employee organization capable of being governed by ERISA.

## B. EWBPs and Exemption from State Regulation

 We note that even if ASBE were an employer or an employee organization, the removing Defendants have not met their burden of showing that the Trust qualifies as an EWBP or other plan exempt from state regulation. First, although 29 U.S.C.A. § 186(c)(5) makes it illegal for an employer to make contributions to an employee benefit plan for the benefit of the employer or non-employees, the record indicates that the Trust insures persons who are not employees. An employee is one who works for wages under the direct supervision of others. *Nationwide Mutual Insurance Co. v. Robert T. Darden,* —— U.S. ——, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992). The affidavit of William A. Powers, Esq., shows that at all times he was insured by the Trust, he was the 100% shareholder of William Powers, P.C. and not an employee for purposes of ERISA. Second, although a "multiple employer welfare

arrangement" ("MEWA") may be exempted from state regulation under certain circumstances, the Trust does not qualify for such an exemption.[2] For the Trust to be an exempt MEWA, it must be fully insured and it must be created pursuant to agreements that the Secretary of Labor has determined to be collectively bargained. The Trust is neither. Defendants do not dispute Plaintiff's assertion that the Trust is not fully insured.

Defendants also offer no evidence that the Secretary of Labor has exempted their plan from state regulation by a finding, under 29 U.S.C.A. § 1002(40)(A)(i), that it was collectively bargained. By its provision requiring that a plan is subject to state regulation until the Secretary has determined whether the plan fits within the collective bargaining exception, Congress ensured that entities engaged in insurance practices would be regulated until the Secretary determined that preemption of state law applied to a particular plan. Congressman Phillip Burton, co-sponsor of the 1983 ERISA amendments, explained the purpose of the provision subjecting MEWAs to state regulations:

> When the State tries to enforce [controls on the financial solvency of insurers], the trusts claim to be beyond the reach of the State law because they are 'employee benefit plans' covered by Federal law. But by the time the United States Department of Labor decides if Federal law applies, the individuals who established the bogus insurance ventures have long since departed with the money and the workers are left without any means of covering their unpaid medical bills. If problems in the delivery of health insurance arise, the States must be able to step in immediately to protect consumers.

128 Cong.Rec. 30, 352 (December 13, 1982).

In short, Defendants have failed to meet their burden of showing that ERISA preempts the Trust from state regulation and

**2.** 29 U.S.C.A. 1002(40) provides that a MEWA is exempt from state regulation when it is:
> an employee welfare benefit plan, or any other arrangement ... which is established or maintained for the purpose of offering or providing any benefit described in [29 U.S.C.A. § 1002(1)] to the employees of two or more

employers ... except that such term does not include any such plan or other arrangement which is established or maintained—
> (i) under or pursuant to one or more agreements which the Secretary finds to be collective bargaining agreements ...

that jurisdiction properly lies in federal court.

### III.

Accordingly, it is ordered that:

Plaintiff's Second Motion to Remand, filed June 18, 1992, is GRANTED.