**BRANT POINT
CORPORATION, Plaintiff,**

v.

**Paul D. POETZSCH and Donald F.
Fryar, Defendants.**

**Civ. A. No. 86–861–WF.**

United States District Court,
D. Massachusetts.

Sept. 30, 1987.

David Berman, Berman and Moren, Medford, Mass., for plaintiff.

Francis J. Gallagher, Lecomte, Barber, Emanuelson, Tick & Doy, Francis Lynch, Boston, Mass., for Paul D. Poetzsch.

John F. Kehoe, Kehoe and Karol, Boston, Mass., for Donald F. Fryar.

## MEMORANDUM AND ORDER

WOLF, District Judge.

This is a diversity action brought pursuant to 28 U.S.C. § 1332 by Brant Point Corporation, a Massachusetts corporation with a principal place of business on Nantucket, against Paul Poetzsch and Donald Fryar, both citizens of North Carolina. On October 8, 1986, this court denied defendants' motions to dismiss for lack of personal jurisdiction. Defendant Poetzsch now moves that the case be transferred pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Western District of North Carolina. Poetzsch has filed a memorandum and an affidavit of his attorney in support of his motion, and plaintiff has submitted a memorandum in opposition. For the reasons stated below, defendant's motion is allowed.

Plaintiff alleges that it hired defendants to assist in procuring rezoning of a parcel of land situated in Mecklenburg County, North Carolina which plaintiff had contracted to purchase. Plaintiff asserts that when defendants submitted the rezoning application to the local zoning authorities they, without plaintiff's knowledge or consent, and in violation of their obligations to plaintiff, included in the application a contiguous piece of land owned by defendant Fryar. Plaintiff claims that it withdrew the application when it learned the application would be denied as a result of the inclusion of Fryar's land. Plaintiff seeks an unspecified amount of damages for its injuries resulting from defendants' allegedly wrongful conduct.

Section 1404(a) provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). There is no question that this action might have been brought in the Western District of North Carolina since both defendants reside there. *See* 28 U.S.C. § 1391(a). Thus, transfer is appropriate if it will promote the convenience of the parties and witnesses and serve the interest of justice.

■ It does not appear that the convenience of the parties will be enhanced if this case is transferred to North Carolina. While litigation in that state certainly would be more convenient to defendants, both of whom are North Carolina residents, it would be equally more burdensome to plaintiff, a Massachusetts corporation. Thus, transfer would serve merely to shift the inconvenience from the defendants to the plaintiff. *Berrigan v. Greyhound Bus Lines, Inc.*, 560 F.Supp. 165, 169 (D.Mass. 1982), *aff'd.*, 782 F.2d 295 (1st Cir.1986).

Consideration of the convenience of the expected witnesses in this case, however, indicates that North Carolina is the appropriate place for this action to continue. The convenience of the witnesses is "[p]robably the most important factor, and the factor most frequently mentioned, in passing on a motion to transfer under 28 U.S.C.A. § 1404(a)." 15 Wright, Miller & Cooper, *Federal Practice and Procedure 2d* § 3851 at 415 (1986). *See also, e.g., Saminsky v. Occidental Petroleum Corp.*, 373 F.Supp. 257, 259 (S.D.N.Y.1974) ("The most significant factor to be considered is the convenience of party and non-party witnesses."); *Houk v. Kimberly-Clark Corp.*, 613 F.Supp. 923, 929 (W.D.Mo.1985) ("The convenience of witnesses is said to be a primary, if not the most important, factor in passing on a motion to transfer under § 1404(a)."). "In analyzing the convenience of the witnesses, the Court must consider not only the number of potential witnesses located in the transferor and transferee districts, but also the nature and quality of their testimony and whether they

can be compelled to testify." *Ratner v. Hecht*, 621 F.Supp. 378, 382 (N.D.Ill.1985). Thus, "[w]hen a party seeks to transfer on account of the convenience of witnesses ..., he must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover." *Factors, Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir.1978), *cert. denied*, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979).

Consistent with these requirements, Mr. Poetzsch has filed an affidavit of his attorney, Francis Lynch, listing the witnesses Mr. Lynch expects to call at trial and briefly describing their anticipated testimony. These witnesses include plaintiff's North Carolina counsel, who is expected to testify regarding proceedings on plaintiff's rezoning application and the reasons for its withdrawal; an attorney for the seller of the land purchased by plaintiff, who is also expected to testify as to plaintiff's reasons for withdrawing the application; and a leader of the local black community who is expected to describe the efforts of Mr. Poetzsch and plaintiff's counsel to communicate with the black community, and to state that he would not oppose plaintiff's planned use of the land. All of these individuals are North Carolina residents.

In addition, Mr. Lynch states that he expects to call five members and employees of the local Planning Commission to testify that plaintiff's rezoning application would have been approved with or without defendant Fryar's land and that they were in favor of plaintiff's proposed use of its land. Mr. Lynch also expects to call two members of the County Commission for Mecklenburg County, a member of the Charlotte City Council, and the Mayor of Charlotte, all of whom are expected to state that they favored plaintiff's proposed use and would have voted to rezone the land if plaintiff had not withdrawn the application. Finally, Mr. Lynch expects to call the Transportation Engineer for the City of Charlotte, Mecklenburg County's Traffic Engineer, its County Manager, and the Director of the Community Development Department, all to testify that they were in favor of and would assist in implementing plaintiff's land use proposal. Clearly, the convenience of the witnesses listed by Mr. Lynch militates decidedly in favor of transfer.

Plaintiff argues that the proffered testimony of Poetzsch's prospective witnesses will be inadmissible at trial, and therefore the convenience of these witnesses should not materially affect the transfer calculation. Plaintiff, however, has not persuaded the court that these witnesses' testimony will be inadmissible; the cases plaintiff relies upon are not convincing. In any event, it is inappropriate to attempt to decide now whether the apparently relevant testimony of the North Carolina witnesses ultimately will prove to be admissible. *Cf. Hotel Constructors, Inc., v. Seagrave Corp.*, 543 F.Supp. 1048, 1051 (N.D.Ill.1982) (in ruling on a motion to transfer it is premature to speculate whether testimony of defendants' expected witnesses will be cumulative). Such questions should be left for trial.

Moreover, it appears that the only other witnesses in the case will be defendants (both of whom are residents of North Carolina), an expert on North Carolina zoning procedures (presumably also a North Carolina resident), and the plaintiff's principal, a Massachusetts resident. Thus, a North Carolina forum is more convenient to all of the expected witnesses in this case, except plaintiff's principal.

As indicated earlier, in deciding whether the convenience of the witnesses justifies transfer under § 1404(a), the court also should consider whether the potential witnesses can be compelled to testify in either the transferor or transferee district. *See, e.g., Ratner* at 382; 15 Wright, Miller & Cooper, *Federal Practice and Procedure* § 3851 at 420 (1986) ("There are frequent indications in the cases that what the courts actually are considering is not so much the convenience of the witnesses but the possibility of having their live testimony at trial."). "It is well settled that the trier of fact should not be forced to rely on deposition evidence when the deponent's live testimony can be procured [through transfer]." *Hotel Constructors, Inc.* at 1051. "This is especially so when the 'qualitative value' of the witnesses' testimony is

high." *B.J. McAdams, Inc. v. Boggs,* 426 F.Supp. 1091, 1105 (E.D.Pa.1977).

The proffered testimony of defendant Poetzsch's witnesses appears relevant to the question whether defendants' inclusion of the Fryar land in the rezoning application would have caused the application to be denied had it not been withdrawn. If the case remains in Massachusetts, it is unlikely that these people—many of whom are local government officials and employees—will be available to testify at trial. Thus, a trial in Massachusetts would consist substantially of the reading of deposition transcripts. As the cited cases indicate, such a result is unacceptable when the action can be transferred to a district where attendance can be compelled and live testimony can be presented to the jury.

Finally, transfer to a North Carolina forum would promote the interests of justice by allowing the North Carolina zoning procedures at issue in this case to be construed by a federal court sitting in that state, rather than by a court unfamiliar with North Carolina law. *See, e.g., Van Dusen v. Barrack,* 376 U.S. 612, 645, 84 S.Ct. 805, 823, 11 L.Ed.2d 945 (1964); *Goodman v. Schmalz,* 80 F.R.D. 296, 302 (E.D.N.Y. 1978). While this consideration is not controlling, 15 Wright, Miller & Cooper, *Federal Practice and Procedure* § 3854 at 466–7 (1986), and is not determinative of the instant motion, it is nevertheless entitled to some weight.

The court recognizes that there is a presumption in favor of plaintiff's choice of forum and that the defendant has the burden of showing that a transfer is warranted. *Berrigan* at 169. However, the weight to be accorded plaintiff's choice of forum varies with the circumstances of the case. *See* 15 Wright, Miller & Cooper, *Federal Practice and Procedure* § 3848 at 389–92 (1986). "Where [as here] the operative facts of the case have no material connection with this district, plaintiff's choice of forum carries less weight," *Goodman* at 302; *see also, e.g., Leinberger v. Webster,* 66 F.R.D. 28, 34 (E.D.N.Y.1975); *Foster v. Litton Industries, Inc.,* 431 F.Supp. 86, 87 (S.D.N.Y.1977), and is "giv-

en equal consideration along with the other factors which must be considered under § 1404." *Hotel Constructors, Inc.* at 1051. In any event, plaintiff's choice of forum alone is not controlling. *Resources Investment Corp. v. Hughes Tool Co.,* 561 F.Supp. 1236, 1238 (D.Colo.1983). In this case it is overcome by the strong showing that transfer of the case to another judicial district would, on balance, promote the interests of justice and be more convenient to the parties and witnesses. 28 U.S.C. § 1404(a).

Because this court finds that the Western District of North Carolina is a more convenient forum for nearly all of the witnesses in this case, most of whom are local government officers and employees, and because trial of this case in North Carolina would facilitate the administration of justice by allowing the North Carolina zoning procedures to be construed by a court sitting in North Carolina, defendant Poetzsch's motion to transfer is hereby ALLOWED and this action is hereby TRANSFERRED to the United States District Court for the Western District of North Carolina.