REISER (UK) LTD., Reiser (Canada) Ltd., Plaintiffs,

v.

Wayne BRYANT, Convenience Food Systems, Inc., Defendants.

Civil Action No. 2007–10123–NG.

United States District Court, D. Massachusetts.

June 18, 2007.

Arthur G. Telegen, John E. Duke, Foley Hoag LLP, Boston, MA, for Plaintiffs.

Caryn L. Daum, Robinson & Cole LLP, Boston, MA, Marshall L. Blankenship, James D. Adducci, Paul E. Lehner, Adducci, Dorf, Lehner, Mitchell & Blankenship, P.C., Chicago, IL, for Defendants.

## ORDER

GERTNER, District Judge.

Electronic ORDER entered adopting Report and Recommendations re [60] Motion to Dismiss (#21); denying [21] Motion to Dismiss as per the Report and Recommendations of Judge Collings, after review of the CFS's objections.

### *REPORT AND RECOMMENDATION ON MOTION TO DISMISS (# 21)*

COLLINGS, United States Magistrate Judge.

### *I. Introduction*

Defendant Convenience Food Systems, Inc. ("CFS" or "the defendant") moves to dismiss this case invoking the doctrine of *forum non conveniens.* The legal standards to apply when deciding such a motion are somewhat familiar. A brief review of the law will suffice before applying that law to the facts of this case.

### *II. The Law as Limned by the Supreme Court*

In *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), the Supreme Court laid out the factors to be considered, dividing them into private interests and public interests.[1]

> An interest to be considered ... is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; ... and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.
>
> Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach

---

1. In this quotation from the Supreme Court's opinion, the Court has left out factors which are plainly inapplicable to the case at bar, e.g., "possibility of a view of the premises." *Gulf Oil,* 330 U.S. at 508, 67 S.Ct. 839.

rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the cases, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

*Gulf Oil,* 330 U.S. at 508–09, 67 S.Ct. 839 (footnote omitted).

In its most recent pronouncement on the doctrine just three months ago, Justice Ginsburg summed up the doctrine as follows:

A federal court has discretion to dismiss a case on the ground of *forum non conveniens* "when an alternative forum has jurisdiction to hear [the] case, and ... trial in the chosen forum would establish ... oppressiveness and vexation to a defendant ... out of all proportion to plaintiff's convenience, or ... the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems." *American Dredging Co. v. Miller,* 510 U.S. 443, 447–448, 114 S.Ct. 981, 127 L.Ed.2d 285 (1994) (quoting *Piper Aircraft v. Reyno,* 454 U.S. 235, 241, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), in turn quoting *Koster v. (American) Lumbermens Mut. Casualty Co.,* 330 U.S. 518, 524, 67 S.Ct. 828, 91 L.Ed. 1067 (1947)). Dismissal for *forum non conveniens* reflects a court's assessment of a "range of considerations, most notably the convenience to the parties and the practical difficulties that can attend the adjudication of a dispute in a certain locality." *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 723, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) (citations omitted).

\*      \*      \*      \*      \*      \*

A defendant invoking *forum non conveniens* ordinarily bears a heavy burden in opposing the plaintiff's chosen forum. When the plaintiff's choice is not its home forum, however, the presumption in the plaintiff's favor "applies with less force," for the assumption that the chosen form is appropriate in such cases is "less reasonable." *Piper Aircraft Co.,* 454 U.S. at 255–6, 102 S.Ct. 252, 70 L.Ed.2d 419.

*Sinochem International Co. Ltd. v. Malaysia International Shipping Corp.,* —— U.S. ——, 127 S.Ct. 1184, 1190–91, 167 L.Ed.2d 15 (2007).

In the instant case, the plaintiffs do not dispute that Canada is an adequate alternative forum. See # 38, p. 4, fn. 1. Consequently, the Court must apply the factors specified by the Supreme Court to determine whether dismissal on grounds of *forum non conveniens* is warranted.

### III. The Facts

The two plaintiffs, Reiser (UK) LTD. ("Reiser UK") and Reiser (Canada) LTD. ("Reiser Canada"), (collectively, "the plaintiffs") are both Massachusetts corporations. Reiser UK's principal place of business is in Milton Keynes, United Kingdom; Reiser Canada's principal place of business is in Burlington, Ontario, Canada. Defendant CFS is a Delaware corporation with a principal place of business in Frisco, Texas. Defendant Wayne Bryant "(Bryant")" is a citizen of the United Kingdom allegedly residing in Buckingham, United Kingdom. Both Reiser UK and Reiser Canada are subsidiaries of Robert Reiser & Co. located in Canton, Massachusetts, "... a leading purveyor and service provider for high-quality food processing and packaging equipment." Complaint, # 1, pp. 1–2.

According to the Complaint, Bryant was hired by Reiser UK as a salesman in 1996, reassigned to Reiser Canada in 2001 where

he was named Sales Manager, and on April 18, 2003, was promoted to become the President of Reiser Canada. Upon assuming that position he executed a written employment agreement with Reiser Canada wherein he agreed that upon termination of his employment, he would not work for any other company engaged in the same line of business, including specifically CFS, for a period of eighteen months. In addition, he agreed to inform Reiser Canada if he engaged in any activities which might violate this undertaking. Complaint, # 1, p. 3.

In July, 2005, Bryant agreed to return to Reiser UK where he was appointed Managing Director. Upon that appointment, Bryant signed an employment agreement with Reiser UK which contained virtually identical provisions respecting employment after termination and informing Reiser UK as the agreement with Reiser Canada had. Complaint, # 1, pp. 3–4. Bryant's employment with Reiser UK terminated on October 31, 2006. Complaint, # 1, p. 5.

In connection with his termination, Bryant and Reiser UK executed a Compromise Agreement on November 10, 2006. As part of that Agreement, Bryant acknowledged that the provisions of the employment agreement he had signed with Reiser UK remained in full force and effect. Bryant also agreed that the Compromise Agreement could be enforced by Reiser Canada. Complaint, # 1, p. 5–6.

In the Complaint, it is alleged that Bryant had taken a sales position with CFS and would be working for CFS in Canada in violation of the agreement and,

further, had not informed Reiser UK of that fact as required by the agreement. Complaint, # 1, p. 6. Consequently, the plaintiffs set forth a claim for breach of contract against Bryant with respect to the Reiser Canada agreement (Count I),[2] the Reiser UK agreement (Count II) and the Compromise Agreement (Count III). Complaint, # 1, pp. 7–9. A claim of tortious interference with contract is pled against CFS in Count IV. Complaint, # 1, p. 9. On the basis of these claims, the plaintiffs seek injunctive relief and an award of damages. A jury trial is demanded. Complaint, # 1, pp. 10–11.

### IV.  Applying the Law to the Facts

■ The dispute is whether or not the instant case should be dismissed in favor of requiring the plaintiffs to litigate their claims in Canada. CFS does not argue that the case should be brought in the UK.

As to a number of the matters, there is no greater convenience in having the case brought in Canada rather than in Massachusetts. The Compromise Agreement has a specific provision to the effect that it ". . . shall be governed by and construed in accordance with English law." Motion, Etc., # 21, Exh. C, p. 6. In addition, it seems clear that the employment agreement between Bryant and Reiser UK will also be governed by English law. There is no contention that a Canadian court would be better able to construe and apply English law than a United States court. Further, to the extent that witnesses from the United Kingdom would be testifying at trial, there is no material difference between Canada and the United States as to

---

**2.** Bryant left Reiser Canada at the end of July 2005 and the eighteen month period would have expired in early January, 2007. In alleging a breach of the Reiser Canada agreement, the plaintiffs rely on the clause in the employment agreement to the effect that if Bryant breaches the terms of the employment

agreement respecting working for a competitor, the restrictions remain in effect for two years from the discovery of the breach by an officer of Reiser Canada. The plaintiffs allege that the President of Robert Reiser & Co., Inc. learned of Bryant's employment with CFS in January, 2007. Complaint, # 1, p. 6.

obtaining the testimony of these witnesses in the United Kingdom since all three states are signatories to the Hague Convention. If the English witnesses chose to travel to testify at trial, there is no substantial difference between traveling to Canada and the United States from the United Kingdom.

Nor does the Court see the issue of enforceability of any judgment which might be entered in favor of the plaintiffs as being a factor which would tip the balance one way or the other. CFS is a domestic company and any judgment entered in this court can be enforced, if necessary, by instituting proceedings in the federal district in Texas where CFS has its principal place of business. It is true that the plaintiffs may need to institute ancillary proceedings in Canada to enforce a judgment against Bryant, but CFS does not dispute the plaintiffs' assertion that Canadian courts enforce judgments of United States courts with very limited exceptions.

Lastly, as between the United States and Canada, the Court does not see the balance tipping one way or the other with respect to the cost of bringing willing witnesses to testify at trial. Except as to those witnesses who reside close to Reiser Canada's offices in Burlington, Ontario, the cost of traveling from another part of Canada to Ontario as opposed to Boston does not seem to be that significant or inconvenient.

The differences come in only two areas. First, it also seems likely that the agreement between Bryant and Reiser Canada will be governed by Canadian law. Plaintiffs offer no reason why Massachusetts law would apply other than to say it "could also apply." Plaintiff's Opposition, Etc., # 38, p. 1.

The second is that the majority of witnesses will be from Canada. Although the plaintiffs dispute the assertion that there will be more witnesses from Canada than the United States, the Court reasonably infers that the greater number of witnesses will be Canadian. The gravamen of the plaintiffs' complaint is that Bryant has breached his agreements with the plaintiffs by taking a position as a "Key Customer Manager" for CFS, a position which involves sales of CFS' products to Canadian customers. It seems quite logical to suppose that the entities with whom Bryant has interacted while in that position are in Canada and that evidence as to those interactions will come from testimony by Canadians.[3]

The question then becomes whether these two factors, in the circumstances of this case, are such that requiring CFS to litigate the case in Massachusetts would be so oppressive or cause them such vexation that plaintiffs' choice of forum should be disturbed. In my judgment, they do not.

The fact that a Canadian court would be more familiar with Canadian law than a United States court ". . . is not sufficient to overcome the presumption in favor of plaintiffs' chosen forum." *Nowak v. Tak How Investments, Ltd.*, 94 F.3d 708, 720–1 (1 Cir., 1996), *cert. denied*, 520 U.S. 1155, 117 S.Ct. 1333, 137 L.Ed.2d 493 (1997). With respect to witnesses, it is not at all clear that the balance of convenience points to Canada.[4] To the extent that there are witnesses

---

3. The Court notes that the plaintiffs have not alleged that in his position with CFS, Bryant has contacted any potential customers in the United States.

4. It well may be that no witnesses will be needed. It appears that CFS does not dispute that Bryant took a job with CFS and that such employment within the time frame specified in his agreement with at least Reiser Canada violates the agreement. CFS's defense ap-

who are officers, directors or employees of the defendant in Canada, it would be more convenient for them to appear there than in the United States. But the defendant has control over those witnesses, and if it wishes to have them testify at trial, the defendant can bring them to Boston. As for non-party witnesses, there has been no showing that they could be required to testify at a trial in Ontario if they were residents of another province some distance from Ontario.[5] It is to be recalled that in the United States, a witness cannot be subpoenaed to appear to testify in a civil case for trial if he or she does not reside in the state in which the trial is held or within 100 miles of the place of trial. *See* Rule 45(b)(2) and (c)(3)(A)(ii), Fed. R.Civ.P. Counsel for the defendant has failed to show that under Canadian law and procedure, it will be able to secure the presence of witnesses at a trial in Ontario who reside outside that province. It may well be that the evidence of non-

party witnesses in both the United States and Canada will have to be obtained through deposition and all that goes into the convenience balance on this issue is the witnesses who are officers, directors or employees of the parties themselves.[6]

Moreover, it must be recalled that this litigation is between the plaintiffs, which are domestic corporations, and one defendant which is also a domestic corporation and an individual who entered into employment agreements with the domestic corporations. The Court has not been able to find a case in which litigation between domestic corporations has been dismissed on *forum non conveniens* grounds in favor of a foreign forum.[7] Further, there is a sufficient nexus to Massachusetts which has a "legitimate . . . interest in protecting its companies from breaches of contract." *Shipley Co., Inc. v. Clark*, 728 F.Supp. 818, 824 (D.Mass., 1990).

## V. Conclusion and Recommendation

The Supreme Court has written that a plaintiff

pears to be one of law, i.e., the clauses in the agreement barring defendant Bryant from taking employment with the CFS are unenforceable as a matter of law because of their breadth. *See* # 22, p. 5, n. 3.

5. The Court assumes that the defendant is seeking to require the plaintiffs to bring suit in Ontario rather than another province in Canada.

6. The Court notes that in the domestic cases involving transfer between districts pursuant to 28 U.S.C. § 1404, a mere allegation that it would be more convenient for witnesses to appear in the district to which transfer is sought is insufficient. "When a party seeks the transfer on account of the convenience of witnesses under § 1404(a), he must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover." *Factors, Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2 Cir., 1978) (citing 15 *Federal Practice and Procedure*, 270, and *Mendelson v. Fleischmann*, 386 F.Supp. 436, 439 (S.D.N.Y., 1973)), *cert. denied*, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455

(1979), *overruled on other grounds by Pirone v. MacMillan, Inc.*, 894 F.2d 579 (2 Cir., 1990). *See also Brant Point Corp. v. Poetzsch*, 671 F.Supp. 2, 4 (D.Mass., 1987) (quoting *Factors, Etc.)*; *Shipley Co. v. Clark*, 728 F.Supp. 818, 823–4 (D.Mass., 1990) (citing both *Factors, Etc.* and *Brant Point*). If the same burden exists in a case where a dismissal pursuant to the doctrine of forum non conveniensis sought (as opposed to a § 1404 transfer), CFS has clearly failed to meet the burden in the instant case.

7. It is to be noted that in the case of *Howe v. Goldcorp Investments, Ltd.*, 946 F.2d 944 (1 Cir., 1991), *cert. denied*, 502 U.S. 1095, 112 S.Ct. 1172, 117 L.Ed.2d 418 (1992), upon which defendant heavily relies, the defendant was "a foreign company", i.e., ". . . a Canadian corporation" whose "shares trade on Canadian stock exchanges" and which ". . . sells its shares to residents of the United States only if they (or their agents) buy those shares in Canada." *Id.* at 945–46.

... should not be deprived of the presumed advantages of his home jurisdiction except upon a clear showing of facts which either (1) establish such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience, which may be shown to be slight or nonexistent, or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems.

*Koster v. Lumbermens Mut. Co.*, 330 U.S. 518, 524, 67 S.Ct. 828, 91 L.Ed. 1067 (1947); *see also Nowak*, 94 F.3d at 720 (repeating quote from *Koster* case).

For all of the reasons discussed herein, I rule that the CFS has failed to make "... a clearing showing of facts" which "establish such oppressiveness and vexation" to it "as to be out of all proportion to plaintiff [s'] convenience" in litigating the case in their chosen forum in which they are incorporated. Put another way, this is not one of those "rare" cases in which the plaintiffs' choice of forum is to be disturbed because CFS has not shown that it is necessary to do so to avoid "serious unfairness" to it. *Nowak*, 94 F.3d at 719 (citing *Howe*, 946 F.2d at 950 (citing *Piper Aircraft*, 454 U.S. at 259, 102 S.Ct. 252 and *Gulf Oil*, 330 U.S. at 507, 67 S.Ct. 839.)) Accordingly, I RECOMMEND that the Motion to Dismiss (# 21) be DENIED.

### VI. Review by the District Judge

The parties are hereby advised that pursuant to Rule 72, Fed.R.Civ.P., any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. The parties are further advised

that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed.R.Civ.P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia–Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378–379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

May 7, 2007.